**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-365



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

Frank Venturella\* v. Sean Thompson

}   APPEALED FROM:
}
}   Superior Court, Rutland Unit,
}   Civil Division
}   CASE NO. 24-ST-01095
Trial Judge: Alexander N. Burke

In the above-entitled cause, the Clerk will enter:

Plaintiff Frank Venturella appeals from the denial of his request for a final anti-stalking order against defendant Sean Thompson.  We affirm.

Plaintiff filed a complaint seeking an anti-stalking order against defendant in October 2024.  The civil division issued a temporary protective order and set the matter for hearing.  Both parties were present at the hearing and represented themselves.

Based on the admitted evidence, the civil division found that defendant physically assaulted plaintiff on one occasion, but plaintiff had not met his burden to prove a "course of conduct" as necessary to satisfy the statutory definition of stalking.  It therefore denied plaintiff's request for a final anti-stalking order.  This appeal followed.

We address one issue before turning to plaintiff's arguments.  In his brief, plaintiff cites "Tetreault v. Tetreault, 2015 VT 25, 198 Vt. 465, 115 A.3d 149."  We are unable to identify any existing decision plaintiff may have intended to reference through this citation.  In fact, each of the three citations plaintiff provided for this purported opinion correspond to an entirely separate case.  See State v. Bray, 2015 VT 25, 196 Vt. 620 (mem.); Walsh v. Cluba, 2015 VT 2, 198 Vt. 453; Att'y Grievance Comm'n of Md. v. Eckel, 115 A.3d 142 (Md. 2015).

While self-represented litigants "receive some leeway from the courts," they remain bound by the ordinary rules of procedure, "includ[ing] the obligations of Rule 11 and sanctions for noncompliance." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219.  By presenting a document to this Court—whether by signing, submitting, or later advocating it—plaintiff is certifying that:

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension,

> modification, or reversal of existing law or the establishment of
> new law.

V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2). We warn plaintiff that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3) ("If after notice and a reasonable opportunity to respond, the Court determines that V.R.C.P. 11(b) has been violated, the Court may, subject to V.R.C.P. 11(c), impose an appropriate sanction on those violating the rule or responsible for the violation.").

Having said this, we consider plaintiff's arguments on appeal. Under Vermont's civil stalking statute, the court must impose an anti-stalking order if it "finds by a preponderance of evidence that the defendant has stalked . . . the plaintiff." 12 V.S.A. § 5133(d). The statute defines "stalk" as "to engage purposefully in a course of conduct directed at a specific person that the person engaging in the conduct knows or should know would cause a reasonable person to" either "fear for his . . . safety or the safety of a family member" or "suffer substantial emotional distress." Id. § 5131(6). "Course of conduct," in turn, "means two or more acts over a period of time, however short, in which a person follows, monitors, surveils, threatens, or makes threats about another person, or interferes with another person's property." Id. § 5131(1)(A).

Whether the trial court correctly interpreted the civil stalking statute is a question of law that we review without deference. Morton v. Young, 2023 VT 29, ¶ 10, 218 Vt. 96. We leave it to the court below, however, "to assess the credibility of witnesses and weigh the evidence." Beatty v. Keough, 2022 VT 41, ¶ 6, 217 Vt. 134. Thus, we will not disturb its factual findings unless they are "clearly erroneous when viewed in the light most favorable to the prevailing party." Swett v. Gates, 2023 VT 26, ¶ 20, 218 Vt. 76 (quotation omitted). We will uphold its conclusions where supported by the findings. Beatty, 2022 VT 41, ¶ 6.

Plaintiff first contends that the trial court deprived him of the opportunity to authenticate certain evidence at the hearing and erred in relying on witness descriptions in lieu of the exhibit or exhibits he offered. Plaintiff does not identify the exhibits or testimony at issue, provide record citations, or indicate how this argument was preserved for our review. The Vermont Rules of Appellate Procedure require that an appellant's brief contain "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies." V.R.A.P. 28(a)(4)(A); see Pcolar v. Casella Waste Sys. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (holding that self-represented litigants must satisfy minimum briefing standards set forth in Rule 28(a)(4)). It is the appellant's burden "to demonstrate how the lower court erred warranting reversal," and "[w]e will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988). Because this argument is inadequately briefed, we do not address it. See Swett, 2023 VT 26, ¶¶ 34-35 (declining to address inadequately briefed argument).

Next, plaintiff argues that the court erred in finding that he failed to prove that defendant engaged in two or more acts constituting a "course of conduct" within the meaning of 12 V.S.A. § 5131(1)(A). Though plaintiff contends that the court failed to appropriately consider certain key evidence, disregarded other evidence, and did not consider the totality of the circumstances, he does not adequately identify the evidence at issue or offer any supporting record citations. See Swett, 2023 VT 26, ¶ 20 (explaining that finding is not clearly erroneous "merely because it is contradicted by substantial evidence; rather, an appellant must show that there is no credible evidence to support the finding" (quotation omitted)). And while plaintiff asserts that the court

misapplied the statutory definition of stalking, he does not explain how this is so. These arguments, too, are inadequately briefed and we likewise do not address them.

Plaintiff also claims that the court failed to appropriately weigh the risk of future harm arising from defendant's alleged commission of the crime of aggravated assault. He has provided no record citation to support his suggestion that he presented the court with evidence of any such conviction. In any event, as discussed above, plaintiff has not shown that the court erred in finding that defendant did not engage in two or more acts constituting a "course of conduct" within the meaning of 12 V.S.A. § 5131(1)(A). As a result, the statutory definition of "stalking" was not satisfied and the court was without authority to issue an anti-stalking order regardless of any other arguments offered by plaintiff. Id. §§ 5131(6), 5133(d); Beatty, 2022 VT 41, ¶ 20 (reversing final anti-stalking order where evidence insufficient to support trial court's conclusion that defendant engaged in "two or more acts" as required by 12 V.S.A. § 5131(1)(A)). Therefore, plaintiff has not shown that the trial court erred in this regard.

Finally, defendant asserts that newly discovered evidence warrants reconsideration of the trial court's order. However, he fails to demonstrate that he presented this argument to the trial court in the first instance as required by rule. See V.R.C.P. 80.10(a)(1); V.R.C.P. 59(a); V.R.C.P. 60(b)(2). Therefore, even assuming this argument were adequately briefed, it is without merit.

To the extent plaintiff sought to raise additional claims on appeal, we are unable to discern them. He has identified no basis to disturb the order below.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

3